IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANY S.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 21 C 6168 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Tiffany S.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On April 23, 2018, Plaintiff filed a claim for SSI, alleging disability since November 1, 2014. Following a hearing conducted on June 19, 2019, an Administrative Law Judge ("ALJ") denied Plaintiff's claim for benefits on February 18, 2020, finding her not disabled under the Social Security Act. Plaintiff appealed the denial of benefits to the Social Security Administration Appeals Council, which remanded the matter to the ALJ on November 23, 2020. A second hearing was held telephonically on April 6, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. On May 24, 2021, the ALJ again denied Plaintiff's claim for benefits, finding her not disabled under the Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's May 24, 2021 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

In the ALJ's May 24, 2021 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of April 23, 2018. At step two, the ALJ concluded that Plaintiff had the following

2

severe impairments: neurofibromatosis with optic pathway glioma; migraine headaches; asthma; attention deficit hyperactivity disorder (ADHD); specific learning disorder; anxiety disorder; and depression. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can occasionally climb ramps and stairs; can occasionally stoop; can never kneel, crouch, or crawl; can never climb ladders, ropes, or scaffolds; can never work from unprotected heights, near open flames, or near unprotected dangerous machinery; can have no concentrated exposure to dusts, fumes, gases, or poor ventilation; can work in an environment with moderate noise levels; can have no concentrated exposure to vibration; and can perform simple, routine tasks involving simple work-related decisions. At step four, the ALJ determined that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable

3

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir.

4

2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v.*

5

*Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.  ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ reversibly erred in assessing Plaintiff's RFC; (2) the ALJ reversibly erred in assessing the opinion evidence; and (3) the ALJ failed to set forth a legally sufficient symptom evaluation.

6

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ improperly rejected Plaintiff's "need for a wheelchair despite [Plaintiff's] treating neurologist prescribing the wheelchair and explaining the need for a wheelchair." (Pl.'s Br. at 6.) Pertinent to that argument, Plaintiff's treating neurologist, Dr. Stefania Maraka, opined that due to Plaintiff's "diagnosis of Neurofibromatosis type I with worsening pain of the lower back which has resulted in decreased mobility [Plaintiff] will benefit from high-strength lightweight wheelchair due to lack of upper body strength." (R. 976.) Despite Dr. Maraka's wheelchair prescription – and despite noting medical evidence showing that Plaintiff "needed to use a wheelchair, as she could walk only two blocks" – the ALJ determined that "the objective medical evidence does not show that a wheelchair or other assistive device is medically necessary." (*Id.* at 21, 28; *see also id.* at 25 ("[O]bjective exams do not show limitations that support a medical need for a wheelchair.").) In rejecting Plaintiff's need for a wheelchair, the ALJ did not rely on any medical opinion but rather pointed in a conclusory fashion to medical records indicating that Plaintiff "had 5/5 strength in all tested muscle groups in the upper and lower extremities, had normal tandem gait and normal gait and station, and had normal muscle tone and sensation." (*Id.* at 31.)

The Court agrees with Plaintiff that the ALJ improperly relied on her own lay judgment and "did not provide a medical grounding for her reliance on certain clinical findings to invalidate the need for a wheelchair." (Pl.'s Br. at 8.) The ALJ erred in that she did not support her rejection of Plaintiff's need for a wheelchair

7

with any supporting medical opinion. *See Potega v. Berryhill*, No. 16 CV 50110, 2017 WL 2461549, at \*1 (N.D. Ill. June 7, 2017) ("[T]he ALJ concluded that plaintiff's wheelchair/walker allegation was fabricated. As explained below, the Court finds that the ALJ's decision rests on ambiguous or non-fully-developed evidentiary foundations and also lacks a supporting medical opinion."). Under the circumstances, the ALJ was improperly "playing doctor." *See Alvin S. v. Kijakazi*, No. 21-CV-3781, 2023 WL 2499860, at \*4 (N.D. Ill. Mar. 14, 2023) ("Because she relied on her own independent reasoning, the ALJ impermissibly 'played doctor' when assessing Claimant's mental RFC and the case must be remanded for further consideration."). The ALJ's improper rejection of Plaintiff's wheelchair use is of critical importance and warrants remand because the VE testified that the jobs she cited would be unavailable with a wheelchair limitation. (R. 74-75.) *See Lauren S. v. Saul*, No. 19-CV-00366, 2020 WL 4437850, at \*10 (N.D. Ill. Aug. 3, 2020) ("The VE testified that if Claimant was in a wheelchair, there would be no work available. In the face of the above evidence, the ALJ's failure to explain how her finding that Claimant only needs a cane to ambulate is supported by specific medical evidence was an error.").

Plaintiff also argues that the ALJ's subjective symptom evaluation is flawed. With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must

8

"explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Here, the ALJ noted Plaintiff's testimony that "she could walk for approximately ten minutes before she needs to use a wheelchair" and she uses a wheelchair when she goes out. (R. 24.) The ALJ discounted Plaintiff's subjective symptom allegations in part because Plaintiff "was able to engage in activities such as writing a blog, redecorating an art space and . . . learning to be a nail technician" and "could watch television, play video games and do crafts." (*Id.* at 24-25.) The Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficiently supported, particularly with respect to Plaintiff's work-preclusive wheelchair allegation. The ALJ did not adequately explain how, for instance, Plaintiff writing a blog and doing crafts

9

contradict her asserted wheelchair use. *See Charles B.*, 2020 WL 6134986 at *12 ("The ALJ here did not explain how Charles's having custody of his kids, feeding his dog, shopping for groceries, or talking to others daily was inconsistent with his claims of having severe chest pain, swelling and pain in his left leg, and depression."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("Although [the ALJ] briefly described Villano's testimony about her daily activities, he did not, for example, explain whether Villano's activities were consistent or inconsistent with the pain and limitations she claimed."). Accordingly, the inadequacy of the ALJ's symptom analysis is another error that requires that this matter be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the

entirety of Plaintiff's RFC is properly derived, the opinion evidence is properly weighed, and all of Plaintiff's symptoms are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*Maria Valdez*

**DATE:  March 27, 2023**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

11